UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICE NELSON,

      Plaintiff,

v.                                 Case No.: 8:14-cv-02297-EAK-MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

This cause is before the Court on Plaintiff's Amended Motion for Attorney's Fees and Costs After Conference with Opposing Counsel Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Docs. 30, 31) and Defendant's Objection to Plaintiff's Amended Motion for Attorney's Fees (Doc. 32). For the reasons set forth below, Plaintiff's Motion for Attorney's Fees is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed the original complaint on September 15, 2014 as an appeal from a final administrative decision of the Defendant Commissioner of Social Security denying the Plaintiff Supplemental Security Income and Social Security Disability benefits (Doc. 1). The Court granted Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) on September 17, 2014 (Doc. 5). The Plaintiff filed an Unopposed Motion for Extension of Time to File Memorandum on February 17, 2015 (Doc. 15), which was granted on February 18, 2015 (Doc.16). The Plaintiff filed a second Unopposed Motion for Extension of Time to File on March 9, 2015 (Doc. 17)

which was granted on March 10, 2015 (Doc. 18). Judgment was entered in favor of Plaintiff on June 16, 2015 (Doc. 25). Plaintiff filed an Amended Motion for Attorney's Fees and Supporting Affidavit on July 20, 2015 (Docs. 30, 31). Defendant filed an Objection to Plaintiff's Amended Application for Attorney's Fees on July 27, 2015 (Doc. 32).

## DISCUSSION

The Equal Access to Justice Act, 28 U.S.C. § 2412(d) allows for an award of attorney fees against the government provided that: (1) the party seeking such fees is the prevailing party in a civil action brought by or against the United States; (2) an application for such fees, including an itemized justification for such amount requested, is timely filed within thirty days of final judgment in the action; (3) the position of the United States was not substantially justified; and (4) no special circumstances make an award unjust. It is undisputed by the parties that each of these factors has been met. Doc. 32 at 1–2. The Defendant, however, contests the calculation of compensable attorney hours and therefore the amount sought in attorney's fees. The Court has discretion to deny or reduce the amount of an award for fees incurred consequent to preparation of certain documents. *See* 28 U.S.C. § 2412(d)(1)(C). Where the party seeking fees has filed unopposed motions for extensions of time for the benefit and convenience of that party alone and for reasons beyond the control, and at no fault, of opposing counsel, those fees are not compensable at taxpayer expense and will be denied. *Int'l Custom Products, Inc. v. U.S.*, 77 F.Supp. 3d 1319, 1334 (Ct. Int'l Trade 2015); *Gibson v. Colvin*, No. 4:03-cv-90, 2013 WL 2422611, at *3 (S.D. Ga. June 3, 2013); *Brinser v. Comm'r of Soc. Sec.*, No. 5:06-cv-142-Oc-GRJ, slip op. at 4 (M.D. Fla. Jan. 15, 2008).

The Defendant objects to fees incurred consequent to Plaintiff's filing of two unopposed motions for extensions of time between February and March 2015. Doc. 32 at 2. The Plaintiff's Attorney's Affidavit Supporting Motion for Award of Attorney's Fee Pursuant to the Equal Access to Justice Act assigns .6 hours to these tasks between February 18, 2015 and March 10, 2015. Doc. 31 at 5. Because these motions were filed with no opposition from the Defendant and for the sole benefit of Plaintiff's counsel, the hours spent preparing them are not compensable under 28 U.S.C. § 2412. The Plaintiff is therefore entitled to 13.0 hours at requested rate of $160 per hour (Doc. 30 at 1) totaling $2,080.00 in attorney's fees.

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) permits compensation for amounts "incurred" by the prevailing party. Plaintiff did not incur the $350 filing fee expense which was dispensed in this action when the Court granted permission for the Plaintiff to proceed *in forma pauperis*. Doc. 2, 5. Therefore, Plaintiff's request for reimbursement of the filing fee is denied. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Attorney's Fees (Docs. 30, 31) be **GRANTED** in the amount of $2,080.00.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 5th day of October, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record